**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2371-15T5

IN THE MATTER OF THE CIVIL
COMMITMENT OF M.E.H.,
SVP-354-04.

_____

Submitted June 5, 2018 — Decided June 28, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. SVP-354-04.

Joseph E. Krakora, Public Defender, attorney for appellant M.E.H. (Nancy C. Hayes, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent State of New Jersey (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas Logothetis, Deputy Attorney General, on the brief).

PER CURIAM

Appellant, who is now fifty-seven years old, appeals from a January 28, 2016 judgment continuing his involuntary civil commitment to the Special Treatment Unit (STU) as prescribed by the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.  We affirm.

Appellant has a lengthy history of sexual offenses against women and young girls. His offense history has been reviewed at length in this court's prior opinions affirming his initial commitment and upholding his continued commitment.[1] Thus, we provide only a brief summary here.

Between 1982 and 1990, appellant was arrested and charged with sexual-assault offenses involving four different victims, including two minors. In one situation, he pled guilty to a lesser charge of simple assault. During the investigation of the sexual assault of a twelve-year-old victim, appellant admitted having sex with the child, although claimed that he did not know that the child was a minor. In another situation, appellant pled guilty to fourth-degree criminal sexual contact and admitted that he forcibly touched the victim's breasts, vagina, and buttocks.

Appellant's civil commitment was predicated on a sexual assault that occurred in May 1996, after the victim experienced car trouble on the Garden State Parkway. Appellant drove by the victim's disabled vehicle and offered her a ride. During the drive, he pulled the vehicle over and proceeded to forcibly

---

[1] See In re Civil Commitment of M.E.H., No. A-5871-10 (App. Div. Feb. 11, 2014) (upholding appellant's continued commitment); In re Civil Commitment of M.E.H., No. A-5923-05 (App. Div. Feb. 27, 2008) (upholding appellant's initial commitment).

sodomize the victim twice.  Appellant pled guilty to second-degree sexual assault and was sentenced to ten years in prison with four years of parole ineligibility.

He was civilly committed in 2004.  The review hearing underlying this appeal was conducted in January 2015 and January 2016.  The State presented two expert witnesses: (1) John Zincone, M.D., a psychiatrist; and (2) Tarmeen Sahni, Ph.D., a psychologist.  Appellant testified on his own behalf and also presented expert testimony from Christopher Lorah, Ph.D., a psychologist.

Dr. Zincone found that appellant does not have sexual impulse control.  He opined that the level of appellant's treatment effect was poor given the number of years he has been in treatment, and that any progress made by appellant was in its beginning stages.  In that regard, he found that appellant does not understand the nature of his arousal and lacks the ability to recognize the rights of others.  He determined that appellant exhibits an arousal to violence and uses sex as a method to deal with stress and cope.  Dr. Zincone diagnosed appellant with other specific paraphilic disorder, non-consenting type in a controlled environment, as well as other specified personality disorder with antisocial and narcissistic traits.  Ultimately, Dr. Zincone opined that appellant has a mental abnormality and volitional, emotional, and cognitive impairments; would have serious difficulty in

controlling his sexual offending behavior; and was highly likely to reoffend in the foreseeable future unless confined.

Dr. Sahni's findings echoed those of Dr. Zincone. In that regard, she found that appellant had not yet addressed the role that violence plays in his arousal, and that he could not identify or develop other mechanisms that would substitute his need for sex as a coping mechanism. Dr. Sahni diagnosed appellant with other specified paraphilic disorder, non-consenting type. Dr. Sahni further identified appellant as having other specified personality disorder, antisocial narcissistic features, and alcohol, cannabis, and steroid use disorders. Dr. Sahni acknowledged that appellant has become more engaged in and receptive to treatment, but cautioned that he was in the early stages of progress. She opined that appellant remains highly likely to sexually reoffend if not confined to a secure facility.

Dr. Lorah conceded that there was a need for appellant's continued sexual specific treatment. Dr. Lorah opined, however, that appellant had made progress in his treatment that put him below the "highly likely" threshold relating to his risk to reoffend. Ultimately, Dr. Lorah recommended a conditional discharge with stipulations.

On January 28, 2016, the trial judge rendered an oral decision and found appellant to be a sexually violent predator in need of

continued civil commitment. The judge found that the 1996 sexual assault was a sexually violent offense under the SVPA. Relying on the State's experts, he found that appellant suffers from a mental abnormality and a personality disorder that predispose him to engage in acts of sexual violence. The judge also found that if appellant was released, he would have serious difficulty controlling his sexually violent behavior and, within the reasonably foreseeable future, would be highly likely to engage in acts of sexual violence. Finally, the judge concluded that while appellant has been confined for some time, he has not reduced his risk to reoffend through substantial treatment. Thus, the judge entered an order that same day continuing appellant's civil commitment to the STU.

## II.

The scope of an appellate court's review of an SVPA commitment determination is "extremely narrow." In re Civil Commitment of R.F., 217 N.J. 152, 174 (2014) (quoting In re D.C., 146 N.J. 31, 58 (1996)). "The judges who hear SVPA cases generally are 'specialists' and 'their expertise in the subject' is entitled to 'special deference.'" Ibid. (quoting In re Civil Commitment of T.J.N., 390 N.J. Super. 218, 226 (App. Div. 2007)). The trial court's findings should not be disturbed if they are supported by "sufficient credible evidence . . . in the record." Id. at 175

(quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Accordingly, an appellate court should not modify the trial judge's determination to commit an individual, unless the "the record reveals a clear mistake." Ibid. (quoting D.C., 146 N.J. at 58).

Under the SVPA, the State may involuntarily commit "'a person who has been convicted . . . of a sexually violent offense' who 'suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for control, care and treatment.'" Id. at 173 (quoting N.J.S.A. 30:4-27.26). The State must establish three facts to commit or continue the involuntary commitment under the SVPA:

> (1) that the individual has been convicted of a sexually violent offense; (2) that he [or she] suffers from a mental abnormality or personality disorder; and (3) that as a result of his [or her] psychiatric abnormality or disorder, "it is highly likely that the individual will not control his or her sexually violent behavior and will reoffend."
>
> [Ibid. (citations omitted) (quoting In re Commitment of W.Z., 173 N.J. 109, 130 (2002)).]

"If the court finds by clear and convincing evidence that the person needs continued involuntary commitment as a sexually violent predator, it shall issue an order authorizing the involuntary commitment of the person to a facility designated for

A-2371-15T5

the custody, care and treatment of sexually violent predators."

N.J.S.A. 30:4-27.32(a).

Here, appellant pled guilty to second-degree sexual assault. Therefore, he has been convicted of a sexually violent offense. See N.J.S.A. 30:4-27.26(a) (including sexual assault under the definition of "[s]exually violent offense"). Consequently, appellant does not challenge the first element. Rather, he focuses on the second and third elements. In that regard, appellant frames his arguments as follows:

> THE STATE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT RESPONDENT M.E.H. IS A SEXUALLY VIOLENT PREDATOR AND THAT THE RISK OF FUTURE RECIDIVISM IS AT A SUFFICIENTLY HIGH LEVEL TO JUSTIFY CONTINUED COMMITMENT UNDER THE CURRENT TREATMENT PLAN.

Under the SVPA, "[m]ental abnormality" is defined as a "condition that affects a person's emotional, cognitive or volitional capacity in a manner that predisposes that person to commit acts of sexual violence." N.J.S.A. 30:4-27.26. While the SVPA does not define "personality disorder," our Supreme Court has held that the relevant inquiry is whether "the mental condition . . . affect[s] an individual's ability to control his or her sexually harmful conduct." W.Z., 173 N.J. at 127.

Here, appellant argues that the State failed to prove that he suffers from a mental abnormality or personality disorder that

predisposes him to acts of sexual violence. In particular, appellant contends that there was not clear and convincing evidence that he "qualifies for a diagnosis of" pedophilia or antisocial personality disorder. We reject this argument for two reasons.

First, a diagnosis of pedophilia, specifically, is not necessary to prove that appellant suffers from a mental abnormality or personality disorder under the SVPA. See N.J.S.A. 30:4-27.26. Second, both of the State's experts diagnosed appellant with paraphilia and other specified personality disorder with antisocial and narcissistic traits. The trial judge found that testimony to be credible. We discern no error in the trial court's determination that the State had proven by clear and convincing evidence that appellant suffered from a mental abnormality or personality disorder which predisposed him to engage in sexual violence.

Appellant also challenges the trial judge's finding that, if released, he is "highly likely" to reoffend. In that regard, he contends that determination directly contradicted Dr. Lorah's expert opinion that appellant has made positive progress in his treatment. Initially, we note that "[t]he final determination of dangerousness lies with the courts, not the expertise of psychiatrists and psychologists." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 174 (2001) (quoting D.C., 146 N.J. at 59). Dr.

Lorah's expert opinion, therefore, is not dispositive of whether it is "highly likely that the [civilly committed] individual will not control his or her sexually violent behavior and will reoffend." W.Z., 173 N.J. at 130. Moreover, the trial judge found that Dr. Lorah's opinion regarding appellant's treatment progress lacked support in the record.

Both of the State's experts testified that appellant's progress in treatment is in its beginning stages. In that regard, they observed that appellant has not yet dealt with his arousal to violence. They also opined that he still uses sex as a coping mechanism. Relying on that testimony, the judge found that appellant would have serious difficulty controlling his sexually violent behavior and, within the reasonably foreseeable future, would be highly likely to engage in acts of sexual violence. We discern no basis to disturb that finding.

Accordingly, in applying our standard of review and the applicable law, we find that the record supports the trial judge's factual findings and determination that each of the elements under the SVPA were proven by clear and convincing evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2371-15T5